## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION
## CIVIL ACTION NO. 1:22-CV-00023-GNS-HBB

**SUSIE W.**[1]                                                                    **PLAINTIFF**

**VS.**

**KILOLO KIJAKAZI, ACTING COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION**                             **DEFENDANT**

## FINDINGS OF FACT, CONCLUSIONS OF LAW
## AND RECOMMENDATION

### BACKGROUND

Before the Court is the complaint (DN 1) of Susie W. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).   Both the Plaintiff (DN 13) and Defendant (DN 17) have filed a Fact and Law Summary.   For the reasons that follow, the undersigned **RECOMMENDS** that the Court **AFFIRM** the final decision of the Commissioner, and judgment be **GRANTED** for the Commissioner.

Pursuant to General Order No. 2019-11 and 28 U.S. C. § 636(b)(1)(B), this matter has been referred to the undersigned United States Magistrate Judge to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of Law, and Recommendations.   By Order entered May 19, 2022 (DN 10), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.   No such request was filed.

### FINDINGS OF FACT

On September 26, 2019, Plaintiff protectively filed an application for Supplemental Security Income (Tr. 206, 401-10).   Plaintiff alleged that she became disabled on December 1,

---

1 Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

2007, as a result of lower back pain, diabetes type 1, vertigo, fibromyalgia, gastroparesis, memory loss, hearing loss, panic attacks, heart attack, hyperthyroidism, depression, scoliosis, migraines, prior lung collapse, low blood pressure, poor balance, histoplasmosis, and COPD (Tr. 206, 299-300, 311).   The application was denied initially on February 6, 2020, and upon reconsideration on April 13, 2020 (Tr. 206, 309, 330).   On April 20, 2020, Plaintiff filed a written request for hearing (Tr. 206, 360).

Due to the extraordinary circumstances caused by the COVID-19 Pandemic, Administrative Law Judge Karen R. Jackson ("ALJ") conducted a telephonic hearing on November 3, 2020 (Tr. 206, 223).   Plaintiff and her counsel, M. Gail Wilson, participated in the telephonic hearing (Id.).   Chelsea Brown, an impartial vocational expert, testified by telephone during the hearing (Id.).

In a decision dated November 24, 2020, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 206-16).   At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since September 26, 2019, the application date (Tr. 208).   At the second step, the ALJ determined that Plaintiff has the following severe impairments: Asthma, Shoulder Capsulitis; Degeneration of cervical and lumbar spine with radiculopathy; Status-post L5-S1 lumbar discectomy and arthrodesis; Coronary artery disease (CAD) with history of coronary artery vasospasm and mild pulmonary valve regurgitation; History of motor vehicle crash (MVC) in 2012 with right arm pain and low back pain; Hypertension; Hypothyroidism/Hashimoto's disease; goiter; Insulin dependent diabetes mellitus; headaches; Major depressive disorder; Generalized anxiety disorder; and Panic disorder (Tr. 208-09).   The ALJ also determined that Plaintiff has the following non-severe

impairments: History of pulmonary histoplasmosis in 2007; right knee tendinitis; Tennis elbow/epicondylitis; Abnormal liver test results; Osteoporosis; Hyperlipidemia; Vitamin B and D deficiency; Gastroesophageal reflux disease ("GERD"); and Obesity (Tr. 209).   At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Id.).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) with the following additional exertional and non-exertional limitations:

> no lifting or carrying more than 20 pounds occasionally, 10 pounds frequently; no standing or walking more than six hours out of an eight-hour day; no sitting more than six hours out of an eight-hour day; can do unlimited pushing pulling up to the exertional limitations; no work in areas of concentrated dusts, fumes, gases or other pulmonary irritants; no more than frequent reaching overhead; no more than occasional balancing, stooping, kneeling, crouching, crawling or climbing ramps or stairs, but no climbing ladders, ropes or scaffolds; no work in areas of concentrated vibration or work with vibrating hand tools; no work in areas of concentrated cold or heat; no work around dangerous, moving machinery or unprotected heights; must use a cane for ambulation on level surfaces but not for balance; no more than simple, routine work; can persist in attention, concentration and pace for two-hour intervals necessary to complete simple tasks; no more than occasional interaction with co-workers or supervisors, but no more than occasional contact with the general public; and no more than occasional changes in the workplace setting.

(Tr. 211).   Additionally, the ALJ determined that Plaintiff is unable to perform any past relevant work (Tr. 214).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience, as well as testimony from the vocational expert (Tr. 215-16).   The ALJ found that Plaintiff is capable of performing a significant number of jobs

3

that exist in the national economy (Id.).   Therefore, the ALJ concluded that Plaintiff has not been

under a "disability," as defined in the Social Security Act, from September 26, 2019, through the

date of the decision (Tr. 216).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr.

397-400).   The Appeals Council denied Plaintiff's request for review (Tr. 1-4).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final

decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton

v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Hum. Servs., 974 F.2d

680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.   Landsaw v. Sec'y

of Health & Hum. Servs., 803 F.2d 211, 213 (6th Cir. 1986).   "Substantial evidence exists when

a reasonable mind could accept the evidence as adequate to support the challenged conclusion,

even if that evidence could support a decision the other way."   Cotton, 2 F.3d at 695 (quoting

Casey v. Sec'y of Health & Hum. Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)).   In reviewing a

case for substantial evidence, the Court "may not try the case de novo, nor resolve conflicts in

evidence, nor decide questions of credibility."   Cohen v. Sec'y of Health & Hum. Servs., 964 F.2d

524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the

ALJ's decision (Tr. 1-4).   At that point, the ALJ's decision became the final decision of the

Commissioner.   20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality

of the Commissioner's decision).   Thus, the Court will be reviewing the ALJ's decision and the

evidence that was in the administrative record when the ALJ rendered the decision.   42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton, 2 F.3d at 695-96.

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities.   42 U.S.C. §§ 401 *et seq.* (Title II Disability Insurance Benefits), 1381 *et seq.* (Title XVI Supplemental Security Income).   The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.   *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920.   In summary, the evaluation proceeds as follows:

1)   Is the claimant engaged in substantial gainful activity?

2)   Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3)   Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

5

4)    Does the claimant have the RFC to return to his or her past
      relevant work?

5)    Does the claimant's RFC, age, education, and past work
      experience allow him or her to perform a significant number
      of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

<u>Finding No. 4</u>

1.    <u>Arguments of the Parties</u>

Plaintiff raises three challenges to the RFC determination in Finding No. 4 (DN 13 PageID
# 1740-42).   First, Plaintiff asserts that the ALJ failed to discuss the medications taken by Plaintiff
and the resulting side effects (<u>Id.</u> at PageID # 1740-41).   Next, Plaintiff contends the ALJ failed
to properly consider the record in regard to Plaintiff's anxiety (<u>Id.</u> at PageID # 1741).   Finally,
Plaintiff claims that the ALJ erred in failing to consider the combined effects of Plaintiff's
impairments and suggests that the medical records of Sandra Irvin, APRN, indicate Plaintiff would
meet or equal Listing 12.06 (<u>Id.</u> at 1742).

Defendant responds by arguing that Plaintiff has provided "extremely skeletal arguments
suggesting that the ALJ erred in assessing her RFC and in finding that her impairments did not
meet or medically equal a listing at step three" (DN 17 PageID # 1751).   Defendant points out
that Plaintiff testified she was "not sure" if any of her medications caused side effects; she denied
side effects from Klonopin in two function reports and a pain questionnaire; and, with a few
exceptions, she consistently denied fatigue (<u>Id.</u> at PageID # 1754) (citing Tr. 239, 422, 475, 503,
508, 527, 536, 545, 549, 554, 558, 562, 566, 570, 574, 579, 583, 588, 593, 597, 601, 605, 610,
614, 619, 623, 628, 632, 636, 639, 643, 647, 655, 727, 766, 782, 1159, 1390, 1394, 1404, 1408,
1422, 1432, 1437, 1442, 1482, 1599, 1610, 1615, 1620, 1639, 1649, 1656, 1665, 1676, 1681).

6

Defendant also observes Plaintiff reported that Klonopin was working "well" with no side effects (Id.) (citing Tr. 540).   Defendant contends that substantial evidence in the record supports the ALJ's findings at step three (Id. at PageID # 1755-57).   Further, Defendant asserts that the ALJ reasonably considered the combined effect of Plaintiff's impairments in the RFC determination (Id. at PageID # 1757-58).

 2. Applicable Law

 The RFC determination is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations.   20 C.F.R. §§ 416.945(a), 416.946(c).   Administrative Law Judges make this finding based on a consideration of medical source statements, prior administrative medical findings, and all other evidence in the case record. 20 C.F.R. §§ 416.929, 416.945(a)(3), 416.946(c).   Thus, in making the RFC determination Administrative Law Judges must necessarily evaluate the persuasiveness of the medical source statements and prior administrative medical findings in the record as well as assess the claimant's subjective allegations.   20 C.F.R. §§ 416.1520c, 416.1529(a).

 The new regulations for evaluating medical opinions and prior administrative medical findings are applicable to Plaintiff's case because she filed her application after March 27, 2017. The new regulations explicitly indicate "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," [2] in the record, even if it comes from a treating medical source.   20 C.F.R.

---

2 At the initial and reconsideration levels State agency medical and psychological consultants review the evidence in the case record and make "administrative medical findings."   20 C.F.R. §§ 404.1513a(a)(1), 416.913a(a)(1). Administrative law judges "must consider" the administrative medical findings of non-examining state agency medical or psychological consultants according to the new regulation.   20 C.F.R. § 416.913a(b)(1).

§ 416.920c(a).[3]   Instead, Administrative Law Judges will now evaluate the "persuasiveness" of medical opinions and prior administrative medical findings by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the regulation.   20 C.F.R. § 416.920c(a) and (b).   The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors.   20 C.F.R. § 416.920c(c)(1)-(5).[4]   Of these five factors, the two most important are supportability and consistency.   20 C.F.R. § 416.920c(a) and (b)(2).   Further, the regulation requires Administrative Law Judges to explain how they considered the supportability and consistency factors in determining the persuasiveness of the medical source's opinion.   20 C.F.R. § 416.920c(b)(2).   Notably, under the regulations Administrative Law Judges "may, but are not required to, explain how" they considered the three other factors in determining the persuasiveness of the medical source's opinion.   20 C.F.R. § 416.920c(b)(2).

3.   Discussion

The undersigned will begin with Plaintiff's claim that the ALJ failed to discuss the numerous medications taken by Plaintiff and the resulting side effects.   It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."   United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997)); *see also* Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider issues not fully developed and argued to be waived."); Rice v. Comm'r of Soc. Sec., 169 F. App'x 452, 454 (6th

---

3 The language quoted above indicates that the new regulation has done away with the controlling weight rule in 20 C.F.R. § 416.927(c)(2).

4 In assessing the relationship with the client, consideration should be given to the following: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship.   20 C.F.R. § 416.920c(c)(3)(i)-(v).

Cir. 2006).   Although Plaintiff alludes to numerous medications, Plaintiff's only developed argument concerns the ALJ's failure to discuss the drowsiness caused by the Klonopin she takes for anxiety attacks (DN 13 PageID # 1741).   Thus, Plaintiff has waived her claim as to the other medications and their side effects.

The ALJ discussed Plaintiff's medications, including the Klonopin, and Plaintiff's comments regarding the effectiveness of some of those medications (Tr. 212-14).   The ALJ's silence concerning side effects Plaintiff experienced from Klonopin is understandable.   Plaintiff did not complain about side effects from Klonopin when she testified at the hearing (Tr. 239),[5] and she specifically denied experiencing side effects from Klonopin in her disability reports (Tr. 423, 476)[6].   Furthermore, Plaintiff has not cited, nor has the undersigned found, any mention in the treatment notes and the consultative examiner reports that Plaintiff experienced side effects from Klonopin (Tr. 501-700, 701-810, 811-977, 978-1192, 1193-1241, 1242-1245, 1246-47, 1248-59, 1260-1316, 1317-66, 1367-72, 1373-1452, 1453-1623, 1624-28, 1629-35, 1636-92). Plaintiff's claim primarily rests on a comment by Sandra Irvin, APRN, in the medical source statement form that she filed out on October 1, 2020 (Tr. 1693-97).   But Ms. Irvin's comment is not substantiated by her own treatment notes.   Plaintiff also cites an unsubstantiated side effect comment in the medication list that Plaintiff submitted on September 16, 2020 (Tr. 494).   For the foregoing reasons, the ALJ's silence concerning side effects Plaintiff experienced from Klonopin is understandable.   In sum, Plaintiff is not entitled to relief on this claim.

---

5 Plaintiff's testimony indicated she was "not sure" if any of her medications caused side effects (Tr. 239).

6 On April 21, 2019, and March 2, 2020, Plaintiff filed out the DISABILITY REPORT – APPEAL – FORM SSA-3441, (Tr. 419-26, 472-79).   Both times she included Klonopin in her list of current medications and expressly indicated she had no side effects from that medication (Tr. 423, 476).

Next, Plaintiff contends the ALJ failed to properly consider the record concerning her anxiety.   To the extent Plaintiff rehashes her assertions about Klonopin, they are addressed above. To Plaintiff's argument regarding Ms. Irvin's limitations—sedentary exertional capacity and will miss work more than four times a month—the ALJ found those limitations unpersuasive because they are not supported by the medical evidence in the record.   The ALJ's explanation is supported by substantial evidence in the record and comports with applicable law.   20 C.F.R. § 416.920c.

Additionally, Plaintiff makes a two-sentence claim that Ms. Irvin's records demonstrate that she meets or medically equals Listing 12.06 (DN 13 PageID # 1741).   However, Plaintiff has not specifically cited what evidence she is referring to in Ms. Irvin's records and she has failed to explain how that evidence meets or medically equals the listing.   As Plaintiff has adverted to this issue in a perfunctory manner, unaccompanied by some effort at developed argumentation, the claim is deemed waived.   *See* Layne, 192 F.3d at 566; Brindley, 61 F.3d at 509 (observing that "[w]e consider issues not fully developed and argued to be waived."); Rice, 169 F. App'x at 454. Moreover, the ALJ expressly considered whether Plaintiff met or medically equaled Listing 12.06 (Tr. 210).   The ALJ's findings are supported by substantial evidence and comport with the applicable law.[7]

Finally, contrary to Plaintiff's assertion, the ALJ did not fail to consider the combined effect of her impairments.   Certainly, the ALJ is required to consider the combined effect of a claimant's impairments in determining whether the claimant is disabled.   *See* 20 C.F.R.

---

[7] An Administrative Law Judge will find that an impairment "*meets* the requirements of a listing when it satisfies all of the criteria of that listing."   20 C.F.R. §§ 404.1525(c)(3), 416.925(c)(3); *see* Hale v. Sec'y of Health & Hum. Servs., 816 F.2d 1078, 1083 (6th Cir. 1984).   An Administrative Law Judge will find that an impairment is "medically equivalent to a listed impairment . . . if it is at least equal in severity and duration to the criteria of any listed impairment."   20 C.F.R. §§ 404.1526(a), 416.926(a).

10

§ 416.923(c).   Discussing multiple impairments individually does not mean the ALJ failed to consider the combined effect of those impairments where the ALJ specifically referred to a "combination of impairments" in finding the claimant does not meet the listings.   Loy v. Sec'y of Health & Hum. Servs., 901 F.2d 1306, 1310 (6th Cir. 1990) (citing Gooch v. Sec'y of Health & Hum. Servs., 833 F.2d 589, 592 (6th Cir. 1987)).   Here, the ALJ discussed Plaintiff's multiple impairments individually but, at the third step, she also specifically referred to a "combination of impairments" in finding Plaintiff does not meet the listings (Tr. 209-11, Finding Nos. 3, 4, 5). Therefore, the undersigned concludes Plaintiff's argument is without merit.

### Finding Nos. 9 and 10

As Plaintiff indicates that she disputes Finding Nos. 9 and 10 but has not provided any argument in support of her position (DN 13 PageID # 1740-42), the challenge is deemed waived. See Layne, 192 F.3d at 566; Brindley, 61 F.3d at 509 (observing that "[w]e consider issues not fully developed and argued to be waived."); Rice, 169 F. App'x at 454.

### Conclusion

As the undersigned noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion . . ."   Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004) (cleaned up).   Regardless of how the undersigned may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ.   42 U.S.C. § 405(g). Rather, the undersigned is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law.   Id.   After reviewing the record, the undersigned concludes that the ALJ's determination is supported by substantial evidence in the record and

11

correctly followed the applicable law.   Therefore, Plaintiff is not entitled to relief as to her challenges.

RECOMMENDATION

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are supported by substantial evidence and comport with applicable law.   As such, the undersigned **RECOMMENDS** that the Court **AFFIRM** the final decision of the Commissioner, and judgment be **GRANTED** for the Commissioner.

February 3, 2023

H. Brent Brennenstuhl
United States Magistrate Judge

NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.   Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.   If a party has objections, such objections must be timely filed, or further appeal is waived.   Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985).

February 3, 2023

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:        Counsel